KENTUCKY BAR ASSOCIATION, Movant,

v.

Danny E. DARNALL, Respondent.

No. 89-SC-180-KB.

Supreme Court of Kentucky.

June 8, 1989.

---

Raymond Clooney, Bruce K. Davis, Kentucky Bar Ass'n, Frankfort, for Kentucky Bar Ass'n.

Jeffrey L. Wade, Brandenburg, for respondent.

## OPINION AND ORDER

STEPHENS, Chief Justice.

Respondent, Danny E. Darnall, settled a personal injury claim for an eleven-year old

boy. The boy, Charlie Ammons, recovered $49,180 after fees and expenses. With respondent acting as counsel of record, Meade District Court appointed the minor's parents as guardians of the estate. In March, 1980, the child's parents deposited the money in respondent's escrow account. Thereafter, following respondent's advice, they invested the money with J.B. Hilliard & Lyons. In less than one month, Hilliard & Lyons severed the relationship because of the mother's repeated demands for money. On April 26, 1980, the guardians designated respondent and his law partner as escrow agents. Respondent charged the guardians $200 to manage the funds.

By the time Charlie Ammons reached the age of majority, respondent had made numerous disbursements from the escrow account, including eleven unsecured loans to the guardians and a loan to himself and his wife. After Charlie reached the age of majority, respondent repaid his loan. Respondent also issued checks to banks on two different occasions to pay off loans made to the guardians. By March, 1987, the disbursements had reduced the principal to $33,677.

The Inquiry Tribunal charged respondent with:

1) Handling a legal matter he knew or should have known he was not competent to handle,

2) Handling a legal matter without adequate preparation, and

3) Neglecting a legal matter entrusted to him in violation of DR 6–101(A);

And with:

4) Permitting a person who employs or pays him to direct or regulate his professional judgment in rendering legal services for another, in violation of DR 5–107(B).

The Board of Governors noted that no allegation had been made that "Respondent misappropriated any of the funds himself." The Board went on to state respondent permitted "the wasting of a significant portion of the boy's estate by allowing himself to be intimidated by the mother's frequent demands." By a vote of 17–1, the Board found respondent guilty and recommended suspension for fifty-nine days.

The potential for conflict between the guardians and the child who had been his client rendered respondent inherently incapable of serving competently as the escrow agent. We hold that respondent did handle a legal matter which he should have known he was not competent to handle. DR 6–101(A)(1).

As for the violation of DR 5–107(B), we find respondent guilty of allowing a person to regulate his professional judgment in rendering legal services for another for the following reasons.

Respondent admits in his Response he knew Charlie's parents were incapable of managing the settlement. Based on that knowledge, he suggested the guardians should let him contact a broker for investment advice. The guardians agreed and executed the Designation of Escrow Agents document. By respondent's own admission, he handled the funds "to try to preserve as much money for Charlie" as possible. This goal, preservation of funds, demonstrates a continuing legal relationship existed between Charlie and respondent. As further evidence of this continuing relationship, respondent had in his hands, after settlement, funds belonging to *his client*, Charlie Ammons.

Because the legal relationship continued after settlement, respondent had a duty to use his professional judgment for Charlie's benefit. The very nature of some of the requests, for example, the unsecured loans, should have alerted respondent that the guardianship was being mishandled.

"An attorney must avoid not only the fact, but even the appearance, of representing conflicting interests." *Cinema 5, Ltd. v. Cinerama, Inc.*, 528 F.2d 1384, 1387 (2nd Cir.1976). Respondent created the potential for an appearance of professional impropriety and used poor judgment by agreeing to keep client funds in an escrow account, regardless of whether the client was the legal or beneficial owner, on something other than a temporary basis.

Respondent did not file a notice seeking review by this Court of the Board's deci-

sion. Pursuant to SCR 3.370(8), the decision of the Board of Governors is hereby adopted. Danny E. Darnall of Meade County is suspended from the practice of law in the Commonwealth of Kentucky for fifty-nine (59) days.

It is further ordered:

1) Respondent's suspension shall be effective with the entry of this Order.

2) Respondent shall pay all costs of these proceedings, including those certified under Rule 3.370. SCR 3.450(1).

This Order shall be deemed a matter of public record.

All concur except GANT, J., not sitting.